```
                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE NORTHERN DISTRICT OF GEORGIA
                            ROME DIVISION

    IN RE:                        )    BANKRUPTCY CASE
                                  )    NO. 20-41501-BEM
    RHONDA ANN GRANT,             )    JUDGE BARBARA ELLIS-MONRO
                                  )    CHAPTER 13
         Debtor.                  )
                                  )
                                  )
                                  )
```

**OBJECTION TO CONFIRMATION**

COMES NOW CREDIT ACCEPTANCE CORPORATION (hereinafter referred to as "CREDIT ACCEPTANCE"), a creditor of the above-named Debtor and files this its "Objection to Confirmation", of the Debtors' Plan of Reorganization, showing to this Court as follows:

1.

CREDIT ACCEPTANCE is a secured creditor of the Debtor, holding a duly perfected security interest in a certain 2020 Kia Soul, Vehicle Identification No. KNDJ23AU4L7721984.

2.

The debt owed to CREDIT ACCEPTANCE is $19,847.54 (net balance).

3.

In accordance with 11 U.S.C. § 1325, a vehicle purchased within 910 days preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle acquired for the personal use of the Debtor and the Creditor has a purchase money security interest securing the debt that is the subject of the claim, said claim shall not be valued under 11 U.S.C. 506.  In the present case, the vehicle was purchased on 02/14/2020, is a purchase money security interest, and is used for the Debtor's personal use.  Therefore, CREDIT ACCEPTANCE

shows its claim shall be allowed and treated as fully secured in the amount of $19,847.54 plus interest thereon at 22.99% ( to protect the non filing cosigner).  CREDIT ACCEPTANCE requests its post confirmation plan payment commence immediately upon confirmation to be paid concurrent with the debtor's attorney fees. Furthermore, CREDIT ACCEPTANCE request pre and post confirmation adequate protection payments in the amount of $198.00 per month. In the event the debtor elects not to protect the cosigner (and reduce the interest rate), CREDIT ACCEPTANCE objects to any plan provision which requires the lien to be released prior to payment in full of the debt as determined by non Bankruptcy law.

4.

Movant does not have and has not been offered adequate protection by Respondents.

5.

The Plan, as proposed, does not provide to CREDIT ACCEPTANCE the present value of its claim and violates 11 U.S.C. Section 1325.

WHEREFORE, CREDIT ACCEPTANCE prays that confirmation be denied.

               LEVINE & BLOCK, LLC

By: /s/ Ronald A. Levine
Ronald A. Levine, Esq.
[GA Bar No. 448736]
ATTORNEYS FOR CREDIT
ACCEPTANCE CORPORATION

P.O. Box 422148
Atlanta, Georgia 30342
(404) 231-4567
F:\Autos 2\Credit Acceptance Corp\20-41501\Objection.wpd

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served a copy of the within and foregoing "Objection to Confirmation" via electronic means as listed on the Court's ECF noticing system or by regular first class mail by depositing same in the United States mail in a properly addressed envelope with adequate postage thereon to insure delivery upon the following:

Rhonda Ann Grant
605 W Woodland Dr.
Dalton, Georgia 30721-2762

Dan Saeger
Saeger & Associates, LLC
Suite D
706 S Thornton Ave
Dalton, GA 30720

Mary Ida Townson, Esq.
Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave, NE
Atlanta, GA 30303


This 25th day of November, 2020.


                                             LEVINE & BLOCK, LLC

                                 By:  <u>/s/ Ronald A. Levine</u>
                                        Ronald A. Levine, Esq.
                                        [GA Bar No. 448736]
                                        ATTORNEYS FOR CREDIT
                                        ACCEPTANCE CORPORATION

P.O. Box 422148
Atlanta, Georgia 30342
(404) 231-4567